**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ron Zachary Pettit,<br><br>       Plaintiff,<br><br>v.<br><br>R. Sierra, et al.,<br><br>       Defendants. | No. CV-19-02062-PHX-ROS (MTM)<br><br>**ORDER** |

The only remaining claim in this case is Plaintiff's claim against Defendant Sierra alleging excessive force. Plaintiff was recently appointed counsel and, through that counsel, Plaintiff seeks to reopen discovery to allow for the deposition of three witnesses: Defendant Sierra, Registered Nurse Carrie Hughes, and "an Arizona Department of Corrections representative who can speak to the process of preserving investigation records, including video evidence." (Doc. 78). Plaintiff also requests he be allowed to seek production of "all records and files as it relates to [his] inmate grievance complaints against Defendant Sierra" on specified dates and "documents showing practices, policies, and procedures governing the retention of investigative records." (Doc. 78 at 5). Defendant opposes reopening discovery, claiming "the amount, and quality, of the discovery already completed in this case" establish reopening discovery would be inappropriate. (Doc. 79 at 3).

The Ninth Circuit has established a six-factor test for determining whether to reopen discovery. Those factors are:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017). Here, four factors support Plaintiff, one supports Defendant, and one is neutral. The factors supporting Plaintiff are that no trial is imminent, Defendant will not suffer a cognizable form of prejudice, Plaintiff was diligent during the discovery period but was limited by his status as an incarcerated pro se prisoner, and the additional discovery will lead to relevant evidence. The only factor supporting Defendant is that he opposes the request. Finally, the factor regarding "the foreseeability of the need" for additional discovery supports neither party.

In these circumstances, it is appropriate to reopen discovery to allow Plaintiff the very limited amount of additional discovery he has outlined. Doing so will allow for the creation of a complete record, most importantly a record regarding the alleged destruction of relevant evidence. Plaintiff will be given three months to conduct the additional discovery after which the parties will be required to schedule a settlement conference. Because the additional discovery may impact Plaintiff's motion for spoliation sanctions, that motion will be denied without prejudice. Plaintiff may renew that motion if, after discovery, he believes spoliation sanctions are appropriate.

Accordingly,

**IT IS ORDERED** the Motion to Continue Settlement Conference and Reopen Discovery (Doc. 78) is **GRANTED**. Plaintiff is permitted to seek the discovery outlined in his motion. That discovery shall be completed no later than **March 26, 2021**.

**IT IS FURTHER ORDERED** no later than **March 29, 2021**, the parties shall contact Magistrate Judge Fine's chambers to schedule their settlement conference.

**IT IS FURTHER ORDERED** the Motion for Spoliation Sanctions (Doc. 54) is **DENIED WITHOUT PREJUDICE**. If Plaintiff wishes to renew this motion, he must do

so within fourteen days after the settlement conference.

**IT IS FURTHER ORDERED** the Motions to Strike (Doc. 65, 68) are **DENIED AS MOOT**.

Dated this 29th day of December, 2020.

_____
Honorable Roslyn O. Silver
Senior United States District Judge